**Bobby R. KEMP et ux., Appellants,**

v.

**Mildred A. MOORE et al., Appellees.**

**No. 4437.**

Court of Civil Appeals of Texas.

Waco.

March 10, 1966.

Billy E. Lee, Houston, for appellants.

Cesare J. Galli, Jr., Joe H. Rojo, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal by defendants from a judgment for plaintiffs in a breach of contract case. Plaintiffs alleged they entered into an oral contract with defendants under the terms of which they paid defendants $210 to furnish plaintiffs a complete course in cosmetology; that plaintiffs appeared at the time and place requested by defendant, ready to receive instruction, but defendants failed to give any instruction to plaintiffs' damage of $210.

Defendants answered that plaintiffs, without justification, ceased taking instruction and demanded their money back; that defendant refused to refund the $210 but remained ready to complete the instruction.

Trial was before the court without a jury, which, after hearing, entered judgment for plaintiffs for $210.

Defendants appeal, contending the plaintiffs were not entitled to a refund of their $210 because plaintiffs themselves breached the contract.

The evidence reflects that plaintiff Mrs. Moore contracted orally with defendant Mrs. Kemp to give her niece and husband, plaintiffs Milligan, a complete course in cosmetology in the Kemp Beauty College for $210. The Milligans registered at the Beauty School and Mrs. Kemp represented that the school was operating and that there would be classes every day. The Milligans went to the school for 2 successive days and received no instructions, and "Mrs. Kemp had not as much as spoken to them." The Milligans left the school after 2 days of doing nothing and receiving no instructions; and Mrs. Moore demanded a return of the $210, which demand was refused by Mrs. Kemp.

Mrs. Kemp testified as to the making of the contract; that the course of instruction at the Beauty School runs some 1000 hours and for a period of 6 months; that there is a "period of getting acquainted prior to getting into full sway," and that the Milligans were "getting instruction and not realizing it"; and that "formal instruction usually begins on the third or fourth day."

As noted, trial was before the Court without a jury, and the trial judge was the judge of the credibility of the witnesses, and the weight to be accorded their testimony. The contract to teach plaintiffs Milligan cosmetology for the $210 is undisputed. Whether defendant breached the contract by giving the Milligans no instructions during the first 2 days, or whether the Milligans breached the contract by leaving the

school at the end of the second day is the sole question for determination. From the record, we think the trial court had the right to conclude that defendant breached the contract. Defendants' contentions are overruled. Affirmed.